**CHENG HONG SHI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2640–AG.**

United States Court of Appeals,
Second Circuit.

Feb. 3, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Paul J. McNulty, United States Attorney, Mark A. Exley, Assistant United States Attorney, Norfolk, Virginia, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Cheng Hong Shi, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and CAT relief. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.*, 400 F.3d 963, 964 (2d Cir. 2005) (per curiam); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

Here, the IJ found Shi's testimony incredible based on the implausible nature of his testimony and his lack of corroborating evidence. Specifically, the IJ found Shi's

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

testimony in regard to his escape from a police precinct after having been arrested to be inherently implausible. Because the IJ's adverse credibility finding was based on specific examples of inherently improbable testimony, *see Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (per curiam), the BIA properly affirmed the IJ's decision. Additionally, Shi's failure to provide corroborating evidence, in the form of testimony or an affidavit from his sister who lives in the United States, also provided a basis for denying his asylum application. *See Zhou Yun Zhang,* 386 F.3d at 71 (noting that "where the circumstances indicate that an applicant has, or with reasonable effort could gain, access to relevant corroborating evidence, his failure to produce such evidence in support of his claim is a factor that may be weighed in considering whether he has satisfied the burden of proof").

Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang,* 386 F.3d at 71, an applicant like Shi who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country. 8 U.S.C. § 1231(b)(3)(A). Further, as Shi has not demonstrated that it is more likely than not that he would be tortured if returned to China, his claims under the CAT fail as well. 8 C.F.R. § 208.16(c)(2); 8 C.F.R. § 208.18(a); *see also Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003).

For the foregoing, the petition for review is DENIED and the motion for a stay pending appeal previously granted by the Court is VACATED.